**STATE ex rel. AMERICAN MOTORISTS INSURANCE CO., James Mundy and Mike Mustuk, Relators,**

v.

**The Honorable Brendan RYAN, Judge of the Circuit Court of St. Louis, Respondent.**

**STATE ex rel. TRAVELERS INSURANCE COMPANY, Chris Oglesby and Nancy Geisler, Relators,**

v.

**The Honorable Brendan RYAN, Judge of the Circuit Court of St. Louis, Respondent.**

Nos. 54128, 54129.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1988.

Application to Transfer Denied Sept. 13, 1988.

Eugene K. Buckley and Adrian Sulser, Evans & Dixon, St. Louis, for relators.

James Collins, II, St. Louis, for respondent.

SMITH, Presiding Judge.

We issued our preliminary writs of prohibition in each of these cases, consolidated them, and now make our preliminary writs permanent. The underlying suits are Mul-

vaney v. Travelers Insurance Company and Noonan v. American Motorists Insurance Company and are factually identical.

In each the plaintiff sustained an accident during the course and scope of employment. The defendant in each case was the workers' compensation liability insurer. Without an order of the Workers' Compensation Division, but after worker compensation claims were filed, the defendants began to pay the respective plaintiffs temporary total disability benefits. During the course of these payments the insurers requested of the claimants and their common attorney that a rehabilitation consultant be allowed to interview each plaintiff. The consultant would furnish no treatment but would attempt to determine if some alternate or coordinated treatment would more quickly rehabilitate the employee for return to work. The requests for interview were refused by claimants and their attorney. Each insurer then terminated for a period of time the temporary benefits. Plaintiffs filed the underlying suits based upon a theory of prima facie tort. Respondent denied the motions of the insurer relators to dismiss the underlying suits.

■ Prohibition lies to prevent a circuit court from proceeding further in a lawsuit barred by the immunity afforded under the Workers' Compensation Act. *State ex rel. Barnes Hospital v. Tillman,* 714 S.W.2d 538 (Mo.App.1986) [1, 2]. An employer's liability under the Act releases the employer from all other liability. Sec. 287.120 RSMo 1986. Under the Act the insurer has the same status and protection (Sec. 287.030.2 RSMo 1986) and is primarily and directly liable for the claim. (Sec. 287.-300 RSMo 1986). Both claimants here had claims pending before the Division. The Division of Workers' Compensation has exclusive jurisdiction over claims for injuries covered by the Act. *State ex rel. McDonnell Douglas v. Luten,* 679 S.W.2d 278 (Mo. banc 1984) [1, 2]. No effort was made by claimants to apply to the Division for an award of temporary disability or to require reinstitution of the payments the insurers were making.

Sec. 287.510 RSMo 1986, provides:

"In any case a temporary ... award of compensation may be made, and the same may be modified ... to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award ... ."

■ Utilization of that section was the plaintiffs' exclusive remedy for the actions of the insurers. Their actions for prima facie tort were barred by the immunity provided by the Act and the relators motions to dismiss should have been granted. *Young v. U.S. Fidelity and Guaranty Co.,* 588 S.W.2d 46 (Mo.App.1979).

We also gratuitously note that while delineating their cause of action as "prima facie tort" plaintiffs are in fact seeking to recover under the doctrine of "first party bad faith," a doctrine not recognized in Missouri. *Young v. U.S. Fidelity and Guaranty Co., supra,* [2]. As pointed out in that case, even if the doctrine were to be recognized in Missouri it should not be applied to Workers' Compensation claims.

Preliminary writs of prohibition made permanent.

SATZ, C.J., and STEPHAN, J., concur.