**Ronald WOOD, Appellant,**

v.

**UNION ELECTRIC COMPANY, Respondent.**

**No. 56825.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 1990.

**614**

William G. Buchholz II, St. Louis, for appellant.

John Keath, St. Louis, for respondent.

GRIMM, Judge.

Plaintiff Ronald Wood filed this intentional tort action against defendant Union Electric Company. Plaintiff alleged he was damaged because defendant failed to pay for medical expenses arising from plaintiff's work-related injuries. The trial court concluded that the Division of Workers' Compensation has exclusive jurisdiction over the matter. As a result, the trial court dismissed plaintiff's petition for lack of subject matter jurisdiction. He appeals; we affirm.

Plaintiff's petition sought recovery of (1) alleged work-related medical expenses, (2) additional actual damages for emotional distress resulting from defendant's alleged failure to pay the medical expenses, and (3) punitive damages.

Plaintiff's sole point is that the "trial court erred in sustaining defendant's motion to dismiss for lack of subject matter jurisdiction in that plaintiff alleged that defendant's failure to pay plaintiff's medical expenses were intentional acts beyond the scope of the exclusivity provisions of the Missouri Workers' Compensation Statute." We disagree.

■■■ "Liability of an employer for compensation under the Workers' Compensa-

tion Law releases the employer from all other liability." *State ex rel. McDonnell Douglas Corp. v. Luten,* 679 S.W.2d 278, 279 (Mo. banc 1984); § 287.120.* Further, "[t]he Division of Workers' Compensation has exclusive jurisdiction over claims for injuries covered by the [Workers' Compensation] Act." *State ex rel. Am. Motorists Ins. Co. v. Ryan,* 755 S.W.2d 399, 400 (Mo. App.E.D.1988); § 287.120.2.

■■ In his petition, plaintiff alleged that he "was injured as an employee of Defendant" in 1985 and 1986. The petition also alleges that defendant provided medical care for plaintiff "pursuant to Missouri Workers' Compensation Law." Further, according to plaintiff's petition, "Defendant, despite its obligation to provide said treatment, *under Law* has intentionally and deliberately failed to pay [specified medical expenses,] so as to cause Plaintiff severe emotional distress and damage to his credit." (Emphasis added).

Accepting these allegations as true, it appears that plaintiff's alleged work-related injury is covered by the Workers' Compensation Law. Accordingly, exclusive jurisdiction over plaintiff's work-related injury claim is vested in the Division of Workers' Compensation. *Ryan,* 755 S.W.2d at 400; § 287.120.2.

Plaintiff asserts, however, that his work-related injury claim should be removed from the Division's exclusive jurisdiction, because he raises the additional claim of emotional distress. His petition alleged that defendant's failure to pay his medical expenses "was not an ordinary incident of Plaintiff's work"; therefore, the Workers' Compensation Law "does not provide the exclusive remedy" for his claim.

Plaintiff's petition attempted to state a claim under a narrow exception to the exclusivity provisions of the Workers' Compensation Law. That exception "imposes common law tort liability on an employer for intentionally inflicting injury on an employee." *McCoy v. Liberty Foundry Co.,* 635 S.W.2d 60, 62 (Mo.App.E.D.1982); *Speck v. Union Elec. Co.,* 741 S.W.2d 280, 281–282 (Mo.App.E.D.1987). Plaintiff's reliance on this exception is misplaced.

---

\* All statutory references are to RSMo 1986.

Since exclusive jurisdiction over the underlying work-related injury claim is vested in the Division of Workers' Compensation, § 287.510 affords plaintiff a remedy to resolve any dispute over defendant's alleged failure to pay the medical expenses. Section 287.510 provides:

In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.

Exclusive jurisdiction over plaintiff's underlying claim for work-related medical expenses is vested in the Division of Workers' Compensation. Accordingly, utilization of § 287.510 is plaintiff's exclusive remedy for any dispute over defendant's failure to pay those expenses. *See Ryan* 755 S.W.2d at 400; *see also* 2 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 61.12(i) (1989).

The trial court properly sustained defendant's motion to dismiss for lack of subject matter jurisdiction. Point denied.

The judgment is affirmed.

SATZ, P.J., and SMITH, J., concur.