Daniel WILEY, Plaintiff–Appellant,

v.

SHANK & FLATTERY, INC., Neil Shank,
Advantage Health Care, Inc. and James
Keeley, Defendants–Respondents.

No. WD 46182.

Missouri Court of Appeals,
Western District.

Dec. 1, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied
March 23, 1993.

Max Von Erdmannsdorf, Gladstone, Robert K. Ball II, Kansas City, for plaintiff-appellant.

William A. Lynch, Bill W. Richerson, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, for Shank & Flattery, Inc. and Dr. Neil Shank.

Marilyn M. Pesto, Thomas A. Sheehan, Robert R. Altice, Jr., Kansas City, for Advantage Health Care, Inc.

Al J. Pranaitis C. Raymond Bell, Hoagland, Fitzgerald, Smith & Pranaitis, Alton, IL, Roger C. Geary, Shook, Hardy & Bacon, Kansas City, for James Keeley.

Before FENNER, P.J., and TURNAGE and SPINDEN, JJ.

TURNAGE, Judge.

Daniel Wiley filed a claim for benefits under the Workers' Compensation Law as a result of injuries sustained while he was employed by Jefferson Smurfit Corporation. While his claim for compensation was pending, Wiley filed this suit for common law tort against James Keeley, the Plant Superintendent of Jefferson Smurfit, and Neil Shank and Shank & Flattery, Inc., and Advantage Health Care, Inc., claiming that all those parties interfered with the medical treatment that he should have received for his injuries. The trial court dismissed the petition on the ground that Wiley's exclusive remedy was under the Workers' Compensation Law. On appeal, Wiley contends that he stated a cause of action for personal liability against each of the defendants. Affirmed.

Wiley alleged that he was employed by Jefferson Smurfit as a pressman and that Keeley was the Plant Manager. He alleged that Shank and Shank & Flattery and Advantage Health were all acting for Jefferson Smurfit at its express direction and control. In Count I, Wiley alleged that he had been diagnosed with carpal tunnel syndrome resulting from his work at Jefferson Smurfit and that his physician had scheduled him for surgery. He alleged that Keeley canceled his scheduled surgery and caused Advantage Health to unlawfully interfere with Wiley's medical treatment. He alleged that as a result of action taken by Advantage Health his right to treatment under the Workers' Compensation Law was delayed and his health was endangered. Wiley sought actual and punitive damages in that Count.

In Count II, Wiley alleged that Keeley and Shank and Shank & Flattery interfered with his care and treatment by requiring Wiley to return to his job and thereby he was prevented from following the advice of his physician for his care and treatment. He alleged that he had been required to continue work when he was physically unable to do so. He sought actual and punitive damages in that Count.

In Count III, Wiley alleged that Keeley and Advantage Health mistreated him as alleged in Counts I and II and deprived him of treatment prescribed by his physician. He alleged that by interfering with his prescribed treatment Keeley and Advantage Health tortiously interfered with his

rights and expectancy of employment. He sought actual and punitive damages in that Count.

In Count IV, Wiley alleged that Keeley and Shank and Shank & Flattery mistreated him as alleged in Counts I and II and threatened him with loss of employment for his insistence on treatment as prescribed by the physician and that they interfered with the prescribed treatment and this conduct interfered with Wiley's right and expectancy of employment by Jefferson Smurfit. He sought actual and punitive damages in that Count also.

The court dismissed the petition on the ground that Wiley's exclusive remedy was under the Workers' Compensation Law. In *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991), the court quoted from *Jones v. Jay Truck Driver Training Center, Inc.*, 709 S.W.2d 114, 115 (Mo. banc 1986), as follows: "The Worker's Compensation Law is wholly substitutional in character and ... any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable." The test of whether or not Wiley's petition states a cause of action for common law tort is whether or not the Workers' Compensation Law provides for relief for the acts Wiley charges those he sued with committing.

■ In Count I, Wiley essentially alleges that Keeley and Advantage Health interfered with his right to treatment for his injury which he suffered in the course of his employment. Section 287.140 [1] provides that the employer shall provide such medical treatment as may reasonably be required to cure the employee's injuries. *Birschkus v. Krey Packing Co.*, 464 S.W.2d 545, 546[1] (Mo.App.1971) stated that the duty of the employer to provide the medical treatment required by the statute is unqualified and absolute. In *Sheehan v. Springfield Seed & Floral, Inc.*, 733 S.W.2d 795, 798[3] (Mo.App.1987), it was held that when an employer has notice that an employee needs treatment or when an employer fails to furnish medical treatment which is demanded by the employee, the employer will be held responsible for

medical treatment. Count I pleaded an interference with Wiley's right to treatment which is tantamount to an allegation that the employer through its agents denied Wiley the treatment the Workers' Compensation Law gave him. He had a remedy under that law as held in *Sheehan.*

Essentially, Wiley pleaded in Count I that Keeley and Advantage Health were acting within the scope of their authority as agents of Jefferson Smurfit and as such delayed the treatment which Wiley was entitled to receive under the Workers' Compensation Law. In *Biller v. Big John Tree Transplanter Mfg. & Truck Sales, Inc.*, 795 S.W.2d 630, 633[6] (Mo.App.1990), this court held that immunity from civil suit is available to the employer and its agents who are acting to discharge a duty owed by the employer. Here, Wiley alleged that Keeley and Advantage Health were agents of the employer. As such, they are immune from suit for an alleged violation of a duty imposed on the employer to provide medical treatment as held in *Biller.*

Wiley contends that personal liability may be imposed upon co-employees of an injured worker. *Craft v. Scaman*, 715 S.W.2d 531, 537[5, 6] (Mo.App.1986), held that tort liability may be imposed upon a corporate officer for affirmative acts taken by the officer outside the scope of the employer's responsibility which breaches a personal duty of care which the officer owes to a fellow employee. The difficulty of Wiley's position is his failure to plead that Keeley or Advantage Health acted outside of the scope of the responsibility of Jefferson Smurfit to Wiley and in so doing breached a personal duty of care which they owed to Wiley. Absent such allegations the petition does not state a cause of action against Keeley or Advantage Health.

If Wiley felt that he was not receiving the medical care Jefferson Smurfit was obliged to furnish he could have requested the Division of Workers' Compensation to change his physician as provided in § 287.-140.2. Wiley had a remedy under the Workers' Compensation Law for inadequate treatment. Section 287.120.2 pro-

---

**1.** All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

vides that the rights and remedies granted to an employee under the Workers' Compensation Law shall exclude all other rights and remedies of the employee at common law or otherwise. Because Wiley had a remedy under the Workers' Compensation Law for any inadequate medical care, whether caused by the physician or by Jefferson Smurfit or its agents, Wiley's exclusive remedy is under the Workers' Compensation Law.

The above reasoning applies to Count II which contained much the same allegations as Count I except as to Keeley and Shank and Shank & Flattery. Count II was essentially a claim that Wiley had been deprived of treatment. For the reasons stated above, Count II did not state a cause of action for common law tort.

 Counts III and IV contain allegations of tortious interference with Wiley's rights and expectancy of employment. Although these contentions are based on interference with the medical treatment to which Wiley was entitled, the allegation could be construed as alleging tortious interference with Wiley's employment by Jefferson Smurfit. In *Teale v. American Mfrs. Mut. Ins. Co.*, 687 S.W.2d 218, 219[2, 3] (Mo.App.1984), this court held that the elements of a cause of action for interference with a contract for business relationships includes "intentional conduct by the third party inducing or causing the breach of the contract or interruption of the business relation...." Here there was no allegation that Wiley had been terminated by Jefferson Smurfit and thus there was no allegation that his employment or expectancy of employment had been breached. Lacking the pleading of this essential element, Wiley did not state a cause of action for tortious interference with a business relationship between Wiley and Jefferson Smurfit.

For the same reason, Count IV fails to state a cause of action for tortious interference with a business relationship against Keeley and Shank and Shank & Flattery.

Finally, Wiley contends that the dismissal of his petition violated the open courts provision of the Missouri Constitution and his right to a jury trial. Both of these contentions were answered in *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6 (Mo. banc 1992). The court addressed the challenge to the Workers' Compensation Law on the ground that it violated the open courts provision of the Constitution by stating that the Workers' Compensation Law "is an exercise of legislative authority rationally justified by the end sought, and hence valid against the contention made here." (quoting *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 510 (Mo. banc 1991)). With reference to the right to trial by jury, *Goodrum* stated at 824 S.W.2d 11[6, 7], that in *De May v. Liberty Foundry Co.*, 327 Mo. 495, 37 S.W.2d 640, 648–49 (1931), it was held the Workers' Compensation Law did not violate the constitutional right to trial by jury.

The constitutional challenges made by Wiley against the Workers' Compensation Law have been decided against him and he suffers no constitutional violation by being relegated to the remedies afforded him under that law.

The judgment is affirmed.

All concur.