STATE of Missouri ex rel. the
**STANDARD REGISTER
COMPANY, Relator,**

v.

Honorable Thomas C. MUMMERT, III, Presiding Judge of the Circuit Court of the City of St. Louis, 22nd Judicial Circuit, Respondent.

STATE of Missouri ex rel. LIBERTY MUTUAL INSURANCE CO. and Greg Vahle, Relators,

v.

Honorable Thomas C. MUMMERT, III, Presiding Judge of the Circuit Court of the City of St. Louis, 22nd Judicial Circuit, Respondent.

Nos. 65832, 65705.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 2, 1994.

John S. Sandberg, John A. Michener, St. Louis, for relators.

Joseph Bartholomew, Belleville, IL, for respondent.

CRAHAN, Presiding Judge.

This is a consolidated original proceeding in prohibition brought by defendants in a case pending in the Circuit Court of the City of St. Louis. In No. 65705, Relators assert that Respondent lacks subject matter jurisdiction over the claims asserted against them and that, in any event, the petition fails to state a claim for which relief can be granted. In No. 65832, Relator claims that its codefendants, the Relators in No. 65705, have been improperly and pretensively joined for the purpose of obtaining venue in the City of St. Louis and that Respondent has exceeded his lawful authority in refusing to transfer the cause to a county of proper venue. We order that our preliminary writs heretofore issued now be made permanent.

In the petition filed in the underlying suit, Ronald Snyder ("Plaintiff") claims he was wrongfully terminated by The Standard Register Company ("Employer") for asserting his rights under the Missouri Workers' Compensation Act. Liberty Mutual Insurance Company ("Insurer") is Employer's workers' compensation insurance carrier. Greg Vahle ("Agent") is Insurer's employee who handled Plaintiff's workers' compensation claim. In separate counts, Plaintiff claims that Insurer, through the actions of Agent, tortiously interfered with his business expectation and relation with Employer by refusing to authorize surgery, which allegedly prevented him from returning to work within the guidelines established by Employer.

Insurer and Agent moved to dismiss the claims against them on the grounds that: (1) the court lacks subject matter jurisdiction because the claims asserted against them fall within the exclusive jurisdiction of the Division of Workers' Compensation; and (2) the petition fails to state a claim for tortious interference in any event. Respondent denied the motion and Insurer and Agent sought and obtained our preliminary writ of prohibition (No. 65705).

Employer also moved to transfer venue on the grounds that (1) the claim against it is separate and distinct from the claims against Insurer and Agent and, as to the claim asserted against Employer, venue lies in St. Louis County; and (2) joinder of Insurer and Agent was pretensive and thus cannot provide a basis for venue in the City of St. Louis. Respondent denied the motion and Employer sought and obtained our preliminary writ of prohibition (No. 65832). We then ordered the proceedings consolidated.

The issues presented by Insurer and Agent are dispositive of the issues raised by Employer. Therefore, we will address their contentions first.

### Subject Matter Jurisdiction

In *State ex rel. Am. Motorists Ins. v. Ryan*, 755 S.W.2d 399 (Mo.App.1988), we held that prohibition will lie to prevent a circuit court from exercising jurisdiction over a tort action against an insurer and its agents for refusal to provide workers' compensation benefits to which the plaintiff claims entitlement under the Workers' Compensation Act. Although packaged differently, that is precisely the nature of the claims asserted against Insurer and Agent in the underlying suit.

Reduced to its essence, Plaintiff's claim is that Insurer and Agent should have authorized surgery sooner than they did. Had they authorized surgery sooner, Plaintiff maintains that he would have been rendered fit for work under Employer's guidelines and Employer would not have fired him. Adjudication of such a claim would necessarily require an adjudication of whether Insurer had an obligation to authorize surgery under the Workers' Compensation Act. The determination of what sort of care may reasonably be required is the exclusive province of the Division of Workers' Compensation. §§ 287.140.1, 287.510 RSMo 1986; *State ex rel. Am. Motorists Ins.*, 755 S.W.2d at 400. Therefore, Respondent exceeded his jurisdic-

tion by refusing to dismiss the claims against Insurer and Agent.[1]

### Venue

█ At oral argument, Plaintiff's counsel conceded that venue as to the claim against Employer is predicated on application of the general venue statute, § 508.010 RSMo 1986, which in turn is predicated on the joinder of Insurer and Agent. If Employer is the only proper party defendant, venue must be determined in accordance with the corporate venue statute, § 508.040 RSMo 1986, and is lodged in St. Louis County.[2] In view of our determination that the trial court lacks subject matter jurisdiction over Insurer and Agent, the petition necessarily fails to state a claim for relief against them and their joinder must therefore be deemed pretensive. *See State ex rel. Toastmaster v. Mummert,* 857 S.W.2d 869, 870–71 (Mo.App.1993). Accordingly, Respondent is obliged to transfer the remaining claim against Employer to the Circuit Court of St. Louis County. § 476.410 RSMo Supp.1993.

The preliminary writs of prohibition heretofore issued are therefore made permanent and Respondent is directed to take no further action in the underlying suit other than to dismiss the claims against Liberty Mutual Insurance Company and Greg Vahle and to transfer the claim against The Standard Register Company to the Circuit Court of St. Louis County.

CARL R. GAERTNER and SIMON, JJ., concur.

---

1. The petition also fails to state a claim for tortious interference with Plaintiff's employment relationship. One of the essential elements of a tortious interference claim is absence of justification, which is the legal right to perform the act complained of. *Friedman v. Edward L. Bakewell, Inc.,* 654 S.W.2d 367, 369–70 (Mo.App.1983). Plaintiff makes no claim that Insurer and Agent had no right to make a determination as to his need of surgery. Indeed, Plaintiff claims they were obliged to do so. The fact that Plaintiff disagrees with the determination made does not in any way diminish the fact that Insurer and Agent's legal right to act is established from the face of the petition.

2. For an excellent discussion of the interplay between the general and corporate venue statutes, see C. Adoor & J. Simeone, *The Law of Venue in Missouri,* 32 St.L.U.L.J. 639, 660–67 (1988).