Kevin Duane & Joyce Irene
**FELTS, Appellants,**

v.

**FORD MOTOR COMPANY, Respondent.**

**No. WD 50679.**

Missouri Court of Appeals,
Western District.

Nov. 28, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 30, 1996.

Application to Transfer Denied
March 26, 1996.

**799**

David T. Greis, Kansas City, for appellants.

Teresa L. Clark, Kansas City, for respondent Ford Motor Co.

Before SMART, P.J., and LOWENSTEIN and BERREY, JJ.

SMART, Presiding Judge.

Kevin Duane Felts filed suit against Ford Motor Company ("Ford") alleging a violation of his right under § 287.780, RSMo 1986 [1] to be free of retaliation for exercising his rights under the Workers' Compensation Act. His wife, Joyce Irene Felts, also joined the suit with a claim for loss of consortium. The trial court sustained Ford's motion to dismiss. Felts claims that the trial court erred in sustaining Ford's motion because: (1) the first amended petition alleged all of the elements necessary to a claim under § 287.780; and (2) dismissal was a violation of the open courts provision of Art. I, § 14 of the Missouri Constitution and a violation of the equal protection and due process clauses of both the Missouri and the United States Constitution. Affirmed.

Kevin Felts has been employed by Ford since April 19, 1991. Felts sought and received medical care and treatment for pain and discomfort in his hands and wrists from April 8, 1993 through August 3, 1993 at the in-house medical clinic at Ford's Claycomo production facility. Felts was referred to Charles Vilmer, M.D., who performed surgical releases on the medial nerves bilaterally in two separate operations. Felts filed a claim for workers' compensation benefits on August 5, 1992. On July 27, 1992, after an examination by Dr. Vilmer, Felts returned to work with a work restriction letter that the doctor had provided him. On November 11, 1992, Dr. Vilmer took Felts off work for a week and ordered a return with certain restrictions, including no repetitive gripping. On December 15, 1992, Felts reinjured his hands. He was placed on "no work" status by Dr. Vilmer until June 21, 1993, when he

---

1. All sectional references are to Missouri Revised Statutes 1986, unless otherwise indicated.

returned to work with permanent restrictions.

On February 28, 1994, Felts filed suit against Ford and against the estate of Dr. William H. Bryan. On March 1, 1994 he filed his first amended petition. In Count I of the petition, Felts outlined a claim for malpractice against Dr. Bryan, a treating physician at the in-house Ford clinic. In Count II, Felts attempted to state a claim against Ford for a violation of § 287.780. He alleged:

21. Defendant Ford's act of refusing to refer Mr. Felts to an authorized physician, Dr. Porubsky, after the medical necessity for such a referral was known by Defendant Ford, for treatment of injuries that arose out of and in the course of his employment was an act of discrimination and retaliation against Mr. Felts solely because he exercised his rights under the Missouri Workers' Compensation Law, Ch. 287, R.S.Mo.1986.

22. Defendant Ford's act of placing Mr. Felts on the line to open and lift vehicle hoods, after Mr. Felts had reason to believe that the job tasks exceeded Dr. Vilmer's physical restrictions, without a physical examination when one was possible and when the personnel available to perform such examination were present and had the opportunity to examine Mr. Felts, when the decision to place Mr. Felts on the line, and after all personnel available to perform examination had been made aware of Mr. Felt's physical pain and discomfort from injuries that arose out of and in the course of his employment was an act of discrimination and retaliation against Mr. Felts solely because he exercised his rights under the Missouri Workers' Compensation Law, Ch. 287, R.S.Mo.1986.

23. Defendant Ford's act of placing Mr. Felts on disability through his employee benefits, instead of continuing to provide the benefits available under the Missouri Workers' Compensation Law, Ch. 287, R.S.Mo.1986, for disability that resulted from injuries that arose out of and in the course of his employment was an act of discrimination and retaliation against Mr.

Felts solely for exercising his rights under the Missouri Workers' Compensation Law.

24. Defendant Ford's act of interference with the medical treatment Mr. Felts was receiving from Dr. Porubsky, who was within the chain of authorized treating physicians, who was treating Mr. Felts' injuries that arose out of and in the course of his employment was an act of discrimination and retaliation against Mr. Felts for exercising his rights under the Missouri Workers' Compensation Law.

25. Defendant Ford's act of interference with the medical treatment Mr. Felts was receiving from Dr. Rose, who was within the chain of authorized treating physicians, who was treating Mr. Felts' injuries that arose out of and in the course of his employment was an act of discrimination and retaliation against Mr. Felts for exercising his rights under the Missouri Workers' Compensation Law.

Ford filed a motion to dismiss claiming that Felts had failed to state a claim upon which relief could be granted and that the trial court was without subject matter jurisdiction to entertain the claims asserted by Felts. The trial court sustained the motion, finding that the Labor and Industrial Relations Committee has exclusive jurisdiction over Felts' claims, citing *Wiley v. Shank & Flattery, Inc.*, 848 S.W.2d 2 (Mo.App.1992). The trial court's order was made final for the purpose of appeal. This appeal followed.

Felts maintains that the trial court erred in sustaining Ford's motion to dismiss because the petition stated a cause of action upon which relief could be granted because: (1) it alleged all of the elements necessary for a claim under § 287.780; (2) no request has been made to compel Ford to pay workers' compensation benefits; and (3) the injuries suffered by Felts are not injuries compensable under the Workers' Compensation Act ("Act"). Felts also contends that his action against Ford gives rise to the loss of consortium claim of Mrs. Felts.

"A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). We construe plaintiff's pe-

tition liberally, taking all properly pleaded facts as true and drawing all reasonable inferences that are fairly deducible from the facts asserted in the petition. *Murphy v. A.A. Mathews,* 841 S.W.2d 671, 672 (Mo. banc 1992). Felts' assertion that the actions taken by Ford were acts of discrimination and retaliation against him for exercising his rights under the Missouri Workers' Compensation Law is an assertion of a legal conclusion. In determining whether the petition is sufficient to state a claim, the legal conclusions of the pleader are not accepted uncritically. *See Murray v. Ray,* 862 S.W.2d 931, 934 (Mo.App.1993).

### *Subject Matter Jurisdiction*

Section 287.120 establishes:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever. . . .

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

■ "The Workers' Compensation Law is wholly substitutional in character and . . . any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable." *Killian v. J & J Installers, Inc.,* 802 S.W.2d 158, 160 (Mo. banc 1991) (quoting *Jones v. Jay Truck Driver Training Center, Inc.,* 709 S.W.2d 114, 115 (Mo. banc 1986)). In the instant case, consistent with this principle, the trial court dismissed the action, citing a lack of subject matter jurisdiction. The trial court should grant the motion to dismiss when it appears, by a preponderance of the evidence, that the court lacks subject matter jurisdic-

tion. *Felling v. Wire Rope Corp. of Am.,* 854 S.W.2d 458, 461 (Mo.App.1993).

■ The trial court cited *Wiley v. Shank & Flattery, Inc.,* 848 S.W.2d 2 (Mo.App. 1992), in its order of dismissal. In *Wiley,* the plaintiff filed suit for common law tort against his employer and that suit was dismissed by the trial court on the ground that the workers' compensation law was plaintiff's exclusive remedy. In affirming the dismissal, this court looked to whether the workers' compensation law provided relief for the acts that the plaintiff charged his employer with committing. *Id.* at 4. The test articulated in *Wiley* is applicable in the instant case despite the fact that Felts filed under § 287.780 and not in common law tort. There is no distinction insofar as the analysis where the exclusivity of the Act is concerned. If the Act provides remedies for the wrongs alleged by Felts in his petition, then the trial court was without jurisdiction to hear the cause because workers' compensation law replaces traditional civil tort liability as to the employer.

■ Close examination of Felts' petition reveals that each and every claim of discrimination is, in reality, a traditional workers' compensation claim. In his petition, Felts claims that Ford interfered with medical treatment for his work related injuries. Specifically, he lists the refusal of a referral to Dr. Porubsky and the interference of Ford with medical treatment provided by Dr. Porubsky and Dr. Rose. In *Wiley,* we noted that § 287.140 provides that an employer is obligated to provide medical treatment as may be reasonably required to cure the injury to the employee. *Wiley,* 848 S.W.2d at 4.

The decision as to what type of care is reasonable under the circumstances lies within the exclusive domain of the Workers' Compensation Division. *State ex rel. Standard Register Co. v. Mummert,* 880 S.W.2d 925, 926 (Mo.App.1994). In *Mummert,* the plaintiff claimed that had surgery been authorized sooner, he would have been fit for work and his employer would not have fired him. *Id.* The court concluded that adjudication of the plaintiff's claim required an adjudication of whether or not there was an obligation to authorize the surgery under the Act. *Id.*

Thus, the Workers' Compensation Division had exclusive jurisdiction. In the instant case, adjudication of Felts' claims requires a determination of whether Ford had the obligation to provide the medical care Felts maintained he was entitled to receive.

■ Felts' other allegations suffer the same fatal flaw. Felts alleges that Ford placed him upon disability instead of continuing to provide Workers' Compensation benefits and gave him a job he was medically unable to perform. Both of these actions are alleged to have been done as acts of discrimination and retaliation. Both of the alleged wrongs committed by Ford against Felts' are subjects within the exclusive jurisdiction of the Act. In *Wiley,* plaintiff alleged that his employer interfered with his care and treatment by requiring him to continue to work when he was physically unable to do so. 848 S.W.2d at 3. The trial court dismissed the petition and this court upheld the dismissal because the plaintiff's exclusive remedy was under the Workers' Compensation Law. *Id.* at 5. Likewise, Ford's refusal of workers' compensation benefits to Felts is exclusively covered by the Act. The Act provides for temporary total disability payments, § 287.170, temporary partial disability payments, § 287.180, permanent partial disability payments, § 287.190, and permanent total disability payments, § 287.200. Section 287.450 outlines the procedure if an employee and employer do not agree upon the compensation payable under the Act. Procedures for review are established in the Act. Section 287.480 examines the procedure associated with an application for review. Section 287.490 makes provision for appeal.

■ Felts claims that the injuries that he pleaded are not compensable under the Act. His petition alleges that he has suffered: "aggravation of his injuries which prolonged his recovery; new injuries resulting in additional permanent disability; pain and suffering; severe and prolonged economic hardship that resulted and continues to result in emotional and mental distress; and loss in Mr. Felts' quality of life." He claims that he is not seeking compensation for those injuries that occurred on the job but that his damages resulted from Ford's post-accident ac-

tions. All of Felts' claims fall under the provisions of the Act. The injuries for which he seeks compensation arose out of his employment at Ford as is required by § 287.120.

■ Remedies under the Act include compensation for mental conditions. *See Duncan v. Springfield R–12 School Dist.,* 897 S.W.2d 108, 115 (Mo.App.1995). In *Wood v. Union Elec. Co.,* 786 S.W.2d 613 (Mo.App. 1990), plaintiff filed a petition sounding in intentional tort claiming that he suffered emotional distress as a result of his employer's failure to pay his medical expenses. He claimed that the failure to pay was an intentional act outside the provisions of the Act. *Id.* at 614. The trial court's dismissal of the petition was upheld because the alleged injury was covered by Missouri Workers' Compensation Law. *Id.*

### Failure to State a Claim

■ Felts attempts to couch the allegations in his petition in a conclusory fashion so as to provide relief outside of the Act under the civil tort liability authorized by § 287.780. Section 287.780 provides:

> No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

■ There are four components to a cause of action under § 287.780: (1) the status of plaintiff as an employee before the injury; (2) the exercise of a right bestowed by Chapter 287; (3) the discharge of or discrimination against an employee by the employer; and (4) an exclusive causal relationship between the actions of the employer and the actions of the employee. *Hansome v. Northwestern Cooperage Co.,* 679 S.W.2d 273, 275 (Mo. banc 1984); *Hopkins v. Tip Top Plumbing & Heating Co.,* 805 S.W.2d 280, 283 (Mo.App.1991).

■ Felts does not state a cause of action under § 287.780 because his petition does not allege any discriminatory employment action by Ford, such as a transfer, suspension or discharge based exclusively on Felts' exercise of his rights. Even a person-

nel action such as a discharge is not actionable if it is not motivated by a desire to retaliate because of the exercise of workers' compensation rights. For instance, an employer is not required to retain an injured employee when the employee has recovered from his or her injuries and is declared able to return to work, but cannot and will not perform the duties required by the job. *Wolfe v. Central Mine Equip. Co.*, 895 S.W.2d 83, 87 (Mo.App.1995). Similarly, the actions of an employer in refusing to pay benefits, refusing to provide additional medical care, and in ordering an employee back to work do not constitute actionable behavior under § 287.780. Ford's actions may be violations of the Act, but that is for the Labor and Industrial Relations Commission to decide in the first instance.

■■■ The loss of consortium claim also fails. Section 287.120(2) provides that the Act shall be the exclusive remedy of not only the employee but also of "his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise...." Just as Mr. Felts' claim falls within the scope of the Act, it follows that Mrs. Felts claim must too, thus barring an action under § 287.780.

### Constitutional Issues

Felts contends that the dismissal of his petition violates the open courts provision of the Missouri Constitution and the equal protection and due process clauses of both the Missouri and the United States Constitution. These constitutional challenges have already been addressed and decided adversely to Felts' position on more than one occasion. The Missouri Supreme Court analyzed and rejected identical arguments in *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6 (Mo. banc 1992); *see also Felling*, 854 S.W.2d 458; *Mattes v. Mobay Corp.*, 830 S.W.2d 35 (Mo.App.1992). Felts' arguments have no merit. Point II is denied.

Affirmed.

All concur.