_____

No. 95-2381
_____

James Phillips;                          *
Regina M. Phillips,                      *
                                         *
                 Appellants,             *
                                         * Appeal from the United States
        v.                               * District Court for the
                                         * Western District of Missouri
Ford Motor Company,                      *
                                         *
                 Appellee.               *

_____

Submitted:  November 13, 1995

Filed:  May 8, 1996
_____

Before McMILLIAN and LOKEN, Circuit Judges, and DUPLANTIER,[*]
       District Judge.
_____

McMILLIAN, Circuit Judge.

        James Phillips (hereinafter Phillips) and his wife, Regina Phillips
(together plaintiffs), appeal from a final order entered in the United
States District Court[1] for the Western District of Missouri dismissing
their state law claims against Ford Motor Company (Ford), including
Phillips' claim pursuant to Mo. Rev. Stat. § 287.780 that Ford unlawfully
discriminated against him for exercising his rights under the Missouri
Workers' Compensation Law, Mo. Rev. Stat. § 287.010-.975.  Phillips v. Ford
Motor Co., No. 94-

_____

        *The Honorable Adrian G. Duplantier, United States
        District Judge for the Eastern District of
        Louisiana, sitting by designation.

        [1]The Honorable Fernando J. Gaitan, Jr., United States District
Judge for the Western District of Missouri.

0632-CV-W-2 (W.D. Mo. May 1, 1995) (order granting motion to dismiss). For reversal, plaintiffs argue that the district court erred in dismissing the complaint and, alternatively, Mo. Rev. Stat. § 287.780, as applied by the district court, violates either the United States Constitution or the Missouri state constitution. For the reasons stated below, we modify the district court's order and affirm the order as modified.

## Background

Phillips was diagnosed in 1985 with carpal tunnel syndrome resulting from repetitive work performed in his employment with Ford. He had corrective surgery in 1986. Ford provided workers' compensation coverage for Phillips' surgery and a disability settlement. Phillips continued to work for Ford.

In early 1993, Phillips began experiencing pain similar to that which he suffered in 1985. On February 19, 1993, he went to the Ford company doctor, who referred him to a specialist, Dr. William Benson. Dr. Benson diagnosed Phillips with arthritis and recommended fusion surgery. Dr. Benson also opined that the injury was work-related. Dr. Benson forwarded his diagnosis and recommendation in writing to Ford. Ford placed Phillips on medical leave. Phillips then filed a workers' compensation claim for payment of medical treatment, including the surgery recommended by Dr. Benson. Ford refused to pay for the treatment on grounds that the injury was not work-related.

Dr. Benson performed the fusion surgery in March 1993. The surgery was partially covered by Phillips' personal medical insurance carrier, with the uncovered portion charged to Phillips personally. In August 1993, Phillips was released to perform light duty work. Ford refused to pay workers' compensation temporary total disability benefits for the interim period of March 1993 to August 1993. Phillips applied to have Ford's denial of workers'

compensation benefits reviewed by an administrative law judge of the division of workers' compensation (the Division), which is within the department of labor and industrial relations of the state of Missouri.[2] See Mo. Rev. Stat. §§ 286.110, 287.450-.490.

While continuing to pursue administrative review of his workers' compensation claim, Phillips, along with his wife, Regina Phillips, filed the present lawsuit in Missouri state court on May 25, 1994. Their complaint sets forth the following three counts: (Count I) Phillips' claim of retaliation and discrimination pursuant to Mo. Rev. Stat. § 287.780, alleging severe economic hardship, emotional and mental distress, and aggravation of his injuries; (Count II) Phillips' request for punitive damages; and (Count III) Regina Phillips' claim of loss of consortium. Joint Appendix at 10-15 (petition for damages). On June 30, 1994, Ford removed the case to the federal district court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1441 and 1446, citing diversity of citizenship as the basis for the district court's original jurisdiction.[3] On October 26, 1994, the following documents were filed with the district court: Ford's motion to dismiss; plaintiffs' opposition to Ford's motion to dismiss; and Ford's reply to plaintiffs' opposition. On November 17, 1994, Ford filed "supplemental suggestions" in support of its motion to dismiss.

---

[2]Phillips' application for administrative review of his workers' compensation claim was pending before the division of workers' compensation at the time plaintiffs filed their brief in the present case. Brief for Appellants at 7.

[3]Actually, the district court lacked removal jurisdiction by operation of 28 U.S.C. § 1445(c) (civil action in state court arising under workers' compensation laws of that state may not be removed). See Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1244-47 (8th Cir. 1995) (Humphrey). However, plaintiffs failed to timely move for remand.

-3-

In support of its motion to dismiss, Ford asserted, among other things, that Phillips had not stated a claim of unlawful discrimination under Mo. Rev. Stat. § 287.780, even assuming the facts alleged in the complaint. Section 287.780 provides:

> No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his [or her] rights under this chapter [the Missouri Workers' Compensation Law, Mo. Rev. Stat. § 287.010-.975]. Any employee who has been discharged or discriminated against shall have a civil action for damages against his [or her] employer.

The district court granted Ford's motion to dismiss. <u>Phillips v. Ford Motor Co.</u>, No. 94-0632-CV-W-2 (W.D. Mo. May 1, 1995). The district court explained:

> Plaintiff has cited no legal authority for his proposition that the denial of medical and disability benefits constitutes an act of discrimination. The court finds that to construe the denial of medical benefits as retaliation or discrimination would open the door for every claimant who is denied benefits to avoid the administrative review of such claims required by Missouri Workers' Compensation Law. Therefore, plaintiff's claim of retaliation and discrimination must be dismissed.

<u>Id.</u> at 2. Regarding Phillips' claim of intentional infliction of emotional distress[4] and Regina Phillips' claim of loss of consortium, the district court further opined:

> Because plaintiff's claim is recognized as a claim under the jurisdiction of the Division of Workers' Compensation, Missouri courts have held that Missouri Workers' Compensation law also provides the exclusive remedy for claims of intentional infliction of emotional

---

[4]Although there is no distinct claim of intentional infliction of emotional distress set forth in the complaint, the district court apparently inferred such a separate claim from the allegations set forth in Counts I and II of the complaint.

-4-

distress attributed to defendant's failure to pay plaintiff['s] medical expenses. <u>Wood v. Union Elec. Co.</u>, 786 S.W.2d 613, 615 (Mo. Ct. App. 1990). Accordingly, plaintiff['s] claim of intentional infliction of emotional distress is also dismissed.

Additionally, plaintiff Regina Phillips' claim of loss of consortium is dependent upon James Phillips' claims of retaliation, discrimination, and intentional infliction of emotional distress. Because these claims have been dismissed, the loss of consortium claim must also fail.

Slip op. at 2-3. The district court entered judgment in favor of Ford, and plaintiffs appealed.[5]

---

[5]After plaintiffs filed their notice of appeal, <u>Humphrey</u> was published. In <u>Humphrey</u>, we reversed the district court's denial of the plaintiff's motion for remand of his claim brought pursuant to Mo. Rev. Stat. § 287.780, which had been removed by the defendant under 28 U.S.C. § 1441(b). 58 F.3d at 1239-40, 1247. We held in <u>Humphrey</u> that the plaintiff's § 287.780 claim arose under Missouri's workers' compensation laws and therefore, by operation of 28 U.S.C. § 1445(c), the district court lacked removal jurisdiction over the case regardless of whether it presented a federal question or there was diversity of citizenship. <u>Id.</u> at 1244-46 & 1245 n.8. Plaintiffs in the present case thereafter moved in this court to dismiss this appeal for lack of subject matter jurisdiction and for remand to state court. In response, Ford argued that plaintiffs were not entitled to remand at such a late stage because they had failed to move for remand within 30 days of the removal and thus waived their claim of lack of removal jurisdiction. <u>Accord</u> <u>Williams v. AC Spark Plugs</u>, 985 F.2d 783 (5th Cir. 1993) (in case removed from state court to federal district court, the plaintiff lost on the merits in a bench trial and then moved for a remand to state court on grounds that the case had been improperly removed under § 1445(c); her motion for remand was denied because she had failed to move for remand within 30 days of the removal and the district court would have had original jurisdiction based upon diversity of citizenship if the plaintiff had filed in federal court). On September 22, 1995, this court denied plaintiffs' motion to dismiss the appeal and for remand to state court. <u>Phillips v. Ford Motor Co.</u>, No. 95-2381 (8th Cir. Sept. 22, 1995) (order entered by clerk at the directions of the court).

-5-

**Discussion**

Dismissal of plaintiffs' claims

Plaintiffs first argue that the district court erred in granting Ford's motion to dismiss their complaint, focusing particularly on Phillips' claim that Ford discriminated against him for exercising his rights under the Workers' Compensation Law, in violation of Mo. Rev. Stat. § 287.780.  Plaintiffs maintained in their brief and at oral argument that the issue of whether an employee may bring a discrimination claim under § 287.780, based upon his or her employer's denial of workers' compensation benefits, is an issue of first impression.  They argued that no court had ever specifically ruled out the possibility of recovering damages on such a theory.  However, after the present appeal was briefed and argued, the Missouri Court of Appeals decided <u>Felts v. Ford Motor Co.</u>, 916 S.W.2d 798 (Mo. Ct. App. 1995) (<u>Felts</u>), involving facts and issues which are strikingly similar to those presented in the case at bar.  In <u>Felts</u>, an employee and his wife sued his employer in Missouri state court alleging that the employer had violated his rights under Mo. Rev. Stat. § 287.780 by denying workers' compensation benefits and thereby causing, among other things, aggravation of his injuries, pain and suffering, economic hardship, mental and emotional distress, and the wife's loss of consortium.  <u>Id.</u> at 799-800.  The state trial court dismissed the action, noting that the Division had exclusive original jurisdiction over the plaintiffs' claims. <u>Id.</u> at 800.  On appeal, the plaintiffs argued that the allegations of their complaint were sufficient to state a cause of action.  <u>Id.</u>  The Missouri Court of Appeals disagreed, however, and held that (1) the complaint did not satisfy all four elements of a discrimination claim under Mo. Rev. Stat. § 287.780, <u>id.</u> at 802-03, and (2) to the extent the plaintiffs were seeking a remedy based directly or indirectly upon the employer's denial of workers' compensation benefits, their claims were subject to the exclusive rights and

-6-

remedies provided in the state's workers' compensation laws and likewise were within the exclusive original jurisdiction of the Division, id. at 803.

In the present case, plaintiffs argue that the allegations in their complaint state a claim under Mo. Rev. Stat. § 287.780 because: (1) Phillips was an employee of Ford at the time he suffered a work-related injury; (2) he exercised his rights under the workers' compensation laws by filing a workers' compensation claim seeking payment for medical treatment; (3) Ford discriminated against him by denying him those and other requested benefits; and (4) a causal connection existed between Phillips' claim for medical coverage and Ford's denial of benefits. While plaintiffs concede that the Division has exclusive original jurisdiction to decide whether a particular injury is compensable under the Workers' Compensation Law, they contend that their claims do not fall within that category because "Mr. Phillips is making no claim that the on-the-job injury was itself the cause of the emotional and economic injuries for which he is seeking compensation under this suit, but rather that those damages resulted from Ford's *post-accident* actions." Brief for Appellants at 14. They further contend that their claims survive because they are not seeking the workers' compensation benefits themselves, but consequential damages that flow from Ford's refusal to pay those benefits. Id. at 16.

In response, Ford argues that plaintiffs failed to state a claim under Mo. Rev. Stat. § 287.780 because the denial of workers' compensation benefits is not, as a matter of law, discriminatory conduct. Ford further argues that the mere allegation of a denial of benefits motivated by retaliatory intent does not, in and of itself, establish a claim under § 287.780. If so, Ford argues, every denial of workers' compensation benefits could be characterized as retaliatory. Consequently, the workers' compensation administrative process could be circumvented whenever benefits are denied, even where the source of the dispute is the

employee's right to receive benefits under the terms of the Workers' Compensation Law. Thus, Ford argues, it should not matter how plaintiffs in this case have characterized their claims; as long as their claims arise out of the allegation that Ford wrongfully denied workers' compensation benefits, those claims are subject to the exclusive rights and remedies provided under the Missouri Workers' Compensation Law. Finally, as a matter of statutory intent, Ford argues, it could not have been the Missouri legislature's intent to create parallel remedies and legal avenues for seeking relief based upon the exact same wrongful conduct (i.e., the denial of workers' compensation benefits), particularly in light of the specific language of Mo. Rev. Stat. § 287.120.[6] We agree.

We begin our analysis with the observation that the district court's order does not indicate whether the basis for the dismissal was Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) or Fed. R. Civ. P. 12(b)(6) (failure to state a claim), both of which were asserted by Ford in the district court. In either case, our review of the dismissal is <u>de novo</u>. Upon <u>de novo</u> review, we hold that Phillips failed to state a claim under Mo. Rev. Stat.

---

[6]Section 287.120 provides in pertinent part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his [or her] employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. . . .

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

§ 287.780 (Count I of the complaint) and, in all other respects, the district court lacked subject matter jurisdiction to consider plaintiffs' claims.

Section 287.780 provides that a civil action for damages may be brought where an employer discharges or in any way discriminates against an employee for exercising his or her rights under the Missouri Workers' Compensation Law. In <u>Hansome v. Northwestern Cooperage Co.</u>, 679 S.W.2d 273, 275 (Mo. 1984) (en banc) (<u>Hansome</u>), the Missouri Supreme Court noted "[t]he action authorized by this statute has four elements: (1) plaintiff's status as employee of defendant before injury, (2) plaintiff's exercise of a right granted by Chapter 287, (3) employer's discharge of or discrimination against plaintiff, and (4) an exclusive causal relationship between plaintiff's actions and defendant's actions." In the present case, Phillips did allege that, while employed by Ford, he exercised his rights under the workers' compensation laws by filing a claim for medical benefits based upon an apparent work-related injury. He further alleged that Ford discriminated against him by denying him medical and temporary total disability benefits, and "requiring" him to use his own medical insurance to pay for his surgery. He also alleged that Ford engaged in these purported acts of discrimination "solely because he exercised his rights under the Missouri Worker's Compensation Law." Joint Appendix at 11-13 (plaintiffs' petition for damages).

We hold, however, that Phillips' allegations are insufficient to state a cause of action under Mo. Rev. Stat. § 287.780 because an employee who relies upon his or her claim for workers' compensation benefits to satisfy the second element under <u>Hansome</u> cannot then rely upon the denial of that very claim as the basis for alleging "discrimination" to satisfy the third element. In other words, an employer's denial of workers' compensation benefits -- even if wrongful -- cannot, as a matter of law, constitute the type of wrongdoing that the statute was designed to address. <u>See</u>

Felts, 916 S.W.2d at 802-03.  It would be illogical to construe Mo. Rev. Stat. § 287.780 in a manner that would allow every claimant who has been denied workers' compensation benefits the right to bring a civil action in state court.  Such a construction would undo the effect of Mo. Rev. Stat. § 287.120, which provides that the rights and remedies granted by the Missouri's Workers' Compensation Law exclude all other rights and remedies of the employee, and it would render meaningless the Division's exclusive original jurisdiction.  We therefore hold that Phillips failed to state a claim under § 287.780 and the district court therefore did not err in dismissing that claim.[7]

In all other respects, this case is nothing more than an effort to obtain compensatory and punitive damages arising, albeit indirectly, out of Ford's denial of workers' compensation benefits.  Therefore, plaintiffs' remaining claims are within the exclusive original jurisdiction of the Division.  See State ex rel. Standard Register Co. v. Mummert, 880 S.W.2d 925, 926-27 (Mo. Ct. App. 1994) (employee alleged, pursuant to § 287.780, that his employer's improper delay in authorizing surgery prevented him from meeting the employer's guidelines and he was discharged for exercising his rights under the Workers' Compensation Law; the Missouri Court of Appeals held that the trial court erred in failing to dismiss the action because the case necessarily required adjudication of an issue under the Workers' Compensation Law and was within the exclusive jurisdiction of the Division); Wiley v. Shank & Flattery, Inc., 848 S.W.2d 2, 4 (Mo. Ct. App. 1992) (workers' compensation

---

[7]Ford also argues that Regina Phillips cannot assert a loss of consortium claim pursuant to Mo. Rev. Stat. § 287.780 because that provision only refers to claims by an "employee" against his or her employer.  We note that Regina Phillips' loss of consortium claim was not brought pursuant to Mo. Rev. Stat. § 287.780, but if it were, it would fail for the same reasons that Phillips' § 287.780 claim fails.  Thus, we need not consider Ford's suggestion that an injured employee's spouse can never bring a claim under Mo. Rev. Stat. § 287.780.

laws provide exclusive remedy for claims arising out of alleged wrongful refusal to provide workers' compensation coverage for surgery). Specifically, as to Phillips' claim of intentional infliction of emotional distress, the question of original jurisdiction was addressed and decided in Wood v. Union Elec. Co., 786 S.W.2d 613, 614-15 (Mo. Ct. App. 1990) (Wood). In Wood, the plaintiff sued his employer in Missouri state court, claiming intentional infliction of emotional distress resulting from a denial of workers' compensation benefits. In affirming the trial court's dismissal for lack of subject matter jurisdiction, the Missouri Court of Appeals explained "[s]ince exclusive jurisdiction over the underlying work-related injury claim is vested in the Division of Workers' Compensation, § 287.510 affords plaintiff a remedy to resolve any dispute over defendant's alleged failure to pay the medical expenses." Id. at 615; accord Houston v. Aetna Cas. & Sur. Co., 701 S.W.2d 207, 208 (Mo. Ct. App. 1985) (affirming dismissal of claim of intentional infliction of emotional distress on grounds of both lack of subject matter jurisdiction and failure to state a claim). As to Regina Phillips' loss of consortium claim, she is also bound by the jurisdictional constraints imposed by § 287.120 ("The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee [and] his wife . . . at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter." (Emphasis added.)). See Felts, 916 S.W.2d at 803 ("The loss of consortium claim also fails. . . . Just as Mr. Felts' claim falls within the scope of the [Workers' Compensation Law], it follows that Mrs. Felts['] claim must too.").

In sum, to the extent plaintiffs have asserted any viable claims in this action, their rights and remedies must derive exclusively from the Missouri Workers' Compensation Law and are within the exclusive original jurisdiction of the Division. See id. at 802-03. The district court therefore did not err in

dismissing Phillips' claim of intentional infliction of emotional distress and Regina Phillips' claim of loss of consortium, insofar as the dismissal was without prejudice, because the district court lacked subject matter jurisdiction to consider those claims.

Constitutionality of the statute

Plaintiffs also argue, in the alternative, that § 287.780, as applied by the district court violates their state and federal constitutional rights. They first rely on the so-called "open courts provision" of the Missouri Constitution, Art. I, § 14, which provides that "the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." This provision has been interpreted to guarantee Missouri citizens "the `right to pursue in the courts the causes of action the substantive law recognizes.'" Powell v. American Motors Corp., 834 S.W.2d 184, 191 (Mo. 1992) (en banc) (quoting Mahoney v. Doerhoff Surgical Servs., 807 S.W.2d 503, 510 (Mo. 1991) (en banc)).

We hold that plaintiffs have not established a violation of the open courts provision because, to the extent they may have a cause of action recognized by the substantive law, their right to obtain a remedy is adequately protected by the administrative review and appeals process available under the Workers' Compensation Law. See Goodrum v. Asplundh Tree Expert Co., 824 S.W.2d 6, 9-10 (Mo. 1992) (en banc) (Goodrum) (cited in Felts, 916 S.W.2d 798, 803).

Plaintiffs also contend that their federal and state constitutional right to procedural due process has been violated because the district court "depriv[ed] them of their opportunity to be heard at trial on the merits of their claim against Ford under

§ 287.780, and the opportunity to make a submissible case on that claim." Brief for Appellants at 36.

Plaintiffs' due process argument is without merit. Phillips is not being deprived of the opportunity to be heard on his § 287.780 claim; that opportunity has been afforded in the present case. The right of due process does not mean that every claim must proceed to trial. Moreover, to the extent that plaintiffs have raised claims in this civil action which should have been raised in their administrative action before the Division, they have not been denied an opportunity to be heard. "`Due process does not necessarily mean judicial process.'" Goodrum, 824 S.W.2d at 10 (quoting Percy Kent Bag Co. v. Missouri Comm'n on Human Rights, 632 S.W.2d 480, 485 (Mo. 1982) (en banc)).

Finally, plaintiffs argue that their federal and state constitutional right to equal protection has been violated because they have been forced to bear "economic and emotional costs" as a result of Ford's alleged systematic and wrongful denial of workers' compensation benefits. We disagree.

To begin, Ford's private actions are not subject to equal protection scrutiny. Medical Inst. of Minn. v. National Ass'n of Trade & Tech. Schs., 817 F.2d 1310, 1312 (8th Cir. 1987) (private action, no matter how egregious, cannot violate the equal protection guarantee of the United States Constitution). To the extent plaintiffs' equal protection argument is directed at the administration of Missouri's Workers' Compensation Law, plaintiffs have not shown that they are members of a constitutionally-protected suspect or quasi-suspect class (they merely identify with a group of individuals who have been denied benefits). Nor have they alleged that a fundamental right has been infringed. Accordingly, because plaintiffs have failed to assert any legal or factual basis for finding Missouri's workers' compensation scheme

unreasonable in light of the state's legitimate legislative goals, their equal protection argument is meritless.

## Conclusion

The order of the district court is modified to provide that the dismissal of the complaint, except for Phillips' § 287.780 claim, is without prejudice; otherwise, for the reasons stated above, the district court's order is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.