# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2725

_____

| | | |
|---|---|---|
| Billy Grisso, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kenneth S. Apfel, Commissioner of | * | Eastern District of Missouri |
| Social Security, Robert E. Rubin, | * | |
| Secretary of the U.S. Treasury; Janet | * | [TO BE PUBLISHED] |
| Reno, Attorney General of the | * | |
| United States, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  July 12, 2000

Filed:  July 25, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Billy Grisso appeals from a final judgment entered in the District Court for the Eastern District of Missouri, dismissing his mandamus action for lack of subject matter jurisdiction. For reversal, Grisso argues that the district court had jurisdiction to decide his constitutional claim and to rule on his mandamus petition. Four Missouri prisoners

have moved for leave to file a Fed. R. App. P. 28(j) letter as intervenors; we deny their motion. For the following reasons, we affirm in part, reverse in part, and remand.

From 1983 to 1994, while Grisso was an Arkansas and Missouri prisoner, his disability insurance benefits were suspended. During that time, federal law provided that an individual confined in jail for a felony was not entitled to monthly benefits unless "actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the [Social Security Commissioner], is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time." 42 U.S.C. § 402(x)(1) (1993) (amended 1994). In September 1997, Grisso filed the instant petition for a writ of mandamus against the Commissioner, seeking reimbursement of his suspended benefits and asserting that § 402(x)(1) was unconstitutional. Also in September 1997, Grisso filed an application with the Social Security Administration (SSA) for approval of industrial training programs as rehabilitation programs. In the application, Grisso informed the SSA that he had filed this federal action, and the SSA later informed him that it would not comment on his application and that the appropriate forum was the federal district court. Thus, in November 1997, Grisso moved for the district court to compel the SSA to rule on his application.

The Commissioner moved to dismiss Grisso's mandamus action, arguing his exclusive remedy for reimbursement of benefits was under 42 U.S.C. § 405(g), and the district court could not review the claim until he exhausted administrative remedies. Grisso responded that he did not need to exhaust because his petition attacked the constitutionality of § 402(x)(1), and he attested that he filed the mandamus petition to force the Commissioner to review his September 1997 application. The district court characterized Grisso's petition as seeking benefits and thus as seeking judicial review of an agency action, and concluded that it lacked jurisdiction because Grisso had failed to exhaust. The district court further concluded that it lacked jurisdiction to order the

Commissioner to take action on Grisso's pending application, and that Grisso had no standing to challenge the constitutionality of § 402(x)(1).

We review the district court's dismissal de novo. See Phillips v. Ford Motor Co., 83 F.3d 235, 239 (8th Cir. 1996). Grisso correctly argues the district court has jurisdiction to decide constitutional issues such as that raised in his mandamus petition. See Califano v. Sanders, 430 U.S. 99, 108-09 (1977) (where claimant challenges Commissioner's denial of benefits on constitutional grounds, judicial review is appropriate). Even if Grisso--who is no longer a prisoner having his benefits suspended--has standing to raise his constitutional claim, it lacks merit. See Jensen v. Heckler, 766 F.2d 383, 385-86 (8th Cir. 1985) (per curiam) (suspension of benefits to prisoners does not violate Due Process, Equal Protection, or Ex Post Facto Clauses).

To the extent Grisso's mandamus petition sought reimbursement of benefits, we agree with the district court that it lacked jurisdiction to review such a claim absent exhaustion of administrative remedies. See Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992). We believe, however, that Grisso's petition and subsequent filings indicate he also sought an order to compel the Commissioner to review his September 1997 application for approval of rehabilitation programs. We conclude that this was a proper request for mandamus relief, and we note that granting this aspect of the petition would not entitle Grisso to benefits per se. See Linquist v. Bowen, 813 F.2d 884, 887 n.12 (8th Cir. 1987) (citing cases from this circuit and others which have held § 405(g) does not preclude exercise of mandamus jurisdiction, and noting mandamus is appropriate in social security case when dispute does not involve "entitlement to benefits per se"); Peeler v. Heckler, 781 F.2d 649, 652 (8th Cir. 1986) (sentencing court approves rehabilitation program, while Commissioner considers whether program could result in substantial gainful activity; if Commissioner's decision is unfavorable, plaintiff may seek review in federal district court).

Accordingly, we affirm the dismissal of Grisso's constitutional challenge, and we reverse and remand for the district court to exercise its mandamus jurisdiction on Grisso's request as to his September 1997 application. We deny the prisoners' motion for leave to file a Rule 28(j) letter as intervenors.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.