Michael **SCHLICTIG**,
Plaintiff–Appellant,

and

Sherri Haught, Plaintiff,

v.

George **REICHEL**,
Defendant–Respondent,

and

Flora Cathcart, Defendant.

No. 55501.

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 1989.

---

James Dailey Wahl, St. Louis, for plaintiff-appellant.

G. Carroll Stribling, Jr., Mary Webster Murphy, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from the trial court's order sustaining defendant's motion to dismiss. We affirm.

Plaintiff filed a petition[1] attempting to allege breach of an oral contract for the sale of an office supply business by defendant (Count I), and tortious interference with the purported contract by a third party (Count II) as well as by defendant (Count III). The trial court dismissed the petition for failure to state a cause of action and granted plaintiff leave to file an amended petition.[2] Plaintiff did not file the amended petition within the time allowed by the court; nonetheless the court granted plaintiff additional time. In response to plaintiff's amended petition, defendant and third party filed separate motions to dismiss. The trial court sustained third party's motion, again granting plaintiff an op-

1. Another individual joined in the petition with plaintiff, but subsequently withdrew.

portunity to amend. When plaintiff again failed to amend within the time allowed by the court, third party filed a motion to dismiss with prejudice pursuant to Rule 67.06. The court sustained the motion, dismissing Count II. At the same time, the court granted defendant's motion to dismiss Counts I and III for failure to state a cause of action. Plaintiff's request to amend was denied; this appeal followed. Plaintiff does not pursue his claim against third party on appeal.

Plaintiff contends the trial court erred in dismissing his amended petition for failure to state a cause of action. In reviewing such a dismissal, we determine whether the facts pleaded and reasonable inferences to be drawn from the allegations, when viewed in the light most favorable to the plaintiff, demonstrate any basis for relief. We accept as true all facts averred in the petition, construe all averments liberally and favorably to the plaintiff and determine whether they invoke principles of substantive law upon which relief can be granted. *San Luis Trails Association v. E.M. Harris Building Co.*, 706 S.W.2d 65, 67 (Mo.App.1986). However, pleadings must state facts, not conclusions; they are "not to serve as ambushes." *Bergel v. Kassebaum*, 577 S.W.2d 863, 867 (Mo.App. 1978).

The essential elements of a contract are competent parties, proper subject matter, legal consideration, mutuality of agreement and mutuality of obligation. *Marc's Restaurant, Inc., v. C.B.S., Inc.*, 730 S.W. 2d 582, 585 (Mo.App.1987).

With these principles in mind, we examine plaintiff's petition. Count I included the following allegations: plaintiff was an employee of an office supply company, the majority stockholder of which was defendant; defendant "inquired of [plaintiff] if [he was] interested in keeping the business going and [plaintiff] so assented"; "[d]efendant ... requested [plaintiff] to paint the company business or he would

2. Defendant responded to the petition arguing not only that it failed to state a cause of action, but also that the purported contract violated the statute of frauds.

have to sell and [plaintiff] assented and complied"; third party "was a part-time employee of [the business] and a minority shareholder ..."; "[i]n reliance on defendant['s] ... representations, [plaintiff] performed all of [his] duties and requested of defendant and arranged financing for the purchase of said business ..."; third party advised [plaintiff] she was purchasing the business; "[plaintiff] reminded [defendant] that [he] had the first offer to purchase to which defendant agreed ..."; defendant "instructed his attorney to prepare the same purchase documents that he had prepared for [third party] ..."; "defendant ... was going to allow plaintiff first option to purchase said corporation"; defendant advised plaintiff he "was going to sell to [third party] in violation of the agreement with plaintiff ..."; "the oral contract with plaintiff was clear, explicit and definite by reason of the fact that exact terms were discussed"; "[the] said oral contract was agreed at the time of [defendant's wife's] death and was heard by various witnesses at her funeral"; "the terms of the said oral contract were fulfilled by [plaintiff], and [his] work in accordance with the request of defendant ... was fully performed in reliance of [sic] the purchase of said business and is referable to said oral contract solely"; "the said oral contract was based on adequate and legal consideration"; "in reliance on [defendant's] oral representations [plaintiff] performed all duties necessary for the acquisition of said corporation."

We believe these allegations, viewed in the light most favorable to plaintiff, are insufficient to plead a contract capable of enforcement by a court.[3] The allegations fail to apprise the court of the subject matter of the contract or the nature of the parties' agreement and obligations thereunder. It is unclear from the petition whether plaintiff contends defendant agreed to sell the assets of a business, or defendant's interest in a corporation, or an option to purchase the business or defendant's interest therein. "A ... petition ... in an ac-

tion to recover damages for breach of contract is demurrable where it sets up a contract which is so indefinite and uncertain as to be incapable of enforcement." 17A C.J.S. Contracts § 535(b) (1963). "The terms of the agreement must be sufficiently definite to enable a court to give it an exact meaning." *Schofler v. Jordan*, 284 S.W.2d 612, 614 (Mo.App.1955) (citations omitted). Because it is unclear on the face of the petition what plaintiff claims to have contracted for, the trial court did not err in dismissing Count I. Moreover, plaintiff's petition fails to state consideration. The fact that plaintiff alleged that the purported contract "was based upon adequate and legal consideration" is of no consequence. This is a legal conclusion; whether or not there was, in fact, consideration is a matter for the court, not plaintiff, to decide. *Miller v. Bennett*, 172 S.W.2d 960, 964 (Mo.App.1943), 17A C.J.S. Contracts § 536 (1963).

In Count III, plaintiff alleged that the actions described in Count I amounted to tortious interference with contract. The person interfering with and breaching the contract, according to plaintiff, is one in the same; thus, the court did not err in dismissing Count III. *See* Restatement Second, Torts § 766 (1977).

■■■ Plaintiff also contends the trial court erred in refusing to allow him to amend his petition a second time. The decision to allow an amended petition is discretionary. *Smith v. City of DeSoto*, 634 S.W.2d 204, 205 (Mo.App.1982). In view of the many challenges to plaintiff's original and amended petitions, plaintiff's lack of diligence in his previous attempts to amend, and the fact that the second amended petition is virtually identical to the original and first amended petitions, we conclude the trial court did not abuse its discretion.

■■■ We are not unmindful that the essential terms of a contract, though not alleged in the petition nor agreed to by the

---

**3.** Plaintiff's amended petition refers to an attached exhibit. In the legal file presented to us, no such exhibit appears.

parties, can be supplied by the court. *See Computer Network v. Purcell Tire & Rubber,* 747 S.W.2d 669, 676–77 (Mo.App.1988). Nor are we unmindful that mere vagueness, lack of definiteness, or informality in the statement of an essential fact do not constitute grounds for dismissal. *Lick Creek Sewer System v. Bank of Bourbon,* 747 S.W.2d 317, 325 (Mo.App.1988), *Pillow v. General American Insurance Co.,* 564 S.W.2d 276, 279 (Mo.App.1978). In fact, plaintiff has suggested that any deficiencies in his petition may more properly be remedied by a motion for more definite statement rather than a motion to dismiss. Nonetheless, here plaintiff's petition so woefully fails to state a cause of action, we conclude the trial court did not err in dismissing it.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.