David CASH, Appellant,

v.

Vicki BENWARD and James H. Sisk, Respondents.

No. WD 47986.

Missouri Court of Appeals, Western District.

April 19, 1994.

914

Lee Ann Miller, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

ULRICH, Judge.

David Cash appeals the trial court's order granting summary judgment in favor of Vicki Benward and James H. Sisk on Mr. Cash's claimed breach of an oral contract. Mr. Cash claims two points on appeal. First, Mr. Cash maintains that the trial court erred in granting summary judgment for lack of consideration. Second, Mr. Cash asserts that the trial court erred in granting summary judgment on his alternate negligence claim. Mr. Cash maintains that voluntarily agreeing to perform a task for another creates a duty, and failure to perform the duty creates potential negligence liability.

The summary judgment is affirmed.

## FACTS

Mr. Cash was a staff sergeant in a Missouri National Guard Military Police detachment. Ms. Benward was the full time unit clerk, and Mr. Sisk was Ms. Benward's supervisor.

At a drill[1] during the first weekend in August or September 1987, Ms. Benward distributed to all unit members a brochure published by a private organization which offered $50,000 of spousal life insurance coverage. Mr. Cash claims that when he first received the application he did not realize that the organization offering the insurance was not associated with the National Guard. After reviewing the application, Mr. Cash was uncertain how to obtain coverage under the policy and sought assistance from Ms. Benward. Ms. Benward allegedly told him to fill out the application and send it to her together with a check in the premium amount and she would forward it to the company. Mr. Cash completed the application and mailed it to Ms. Benward, along with a check for the premium amount of eight dollars. Ms. Benward does not recall either the discussion or receiving the application and check. Mr. Cash assumed at the time he sent the application to Ms. Benward that forwarding insurance applications was part of the unit clerk's duties. All parties agree that it was not part of Ms. Benward's duties to forward spousal life insurance applications.

After determining that his check had not cleared, Mr. Cash approached both Ms. Benward and Mr. Sisk during drill the first weekend in November and inquired about the status of the application and his check. Ms. Benward told him that she did not know anything about either. Mr. Sisk told Mr. Cash that he had seen a personal check in Ms. Benward's desk at about the relevant time. Mr. Cash alleges that Mr. Sisk told him that Ms. Benward "got a new job." Mr. Sisk then allegedly said that she cleaned off her desk and "between you, me and the fencepost she (Ms. Benward) trashed your application." Mr. Cash claims that Mr. Sisk told him he would "check into it." Mr. Cash claims that Mr. Sisk subsequently told him not to worry, that the next month (December) when Mr. Cash came back for drill, Mr. Sisk would give him a new application and Mr. Sisk would help him get it sent in. In December Mr. Sisk gave Mr. Cash a new

insurance application form and informed Mr. Cash that applying for the insurance was something Mr. Cash needed to handle himself. Mr. Cash did not complete a new form at that time.

The night Mr. Cash returned home from the December drill his wife became ill, spent two weeks in the hospital and died. Mrs. Cash's illness and death were unforeseen. She was insured by an insurance policy through her employer, and a burial policy was in force.

Mr. Cash sued Ms. Benward and Mr. Sisk for breach of contract or alternatively for negligence. The trial court granted summary judgment to Ms. Benward and Mr. Sisk stating that as a matter of law there had been no consideration or mutuality of obligation. Mr. Cash filed this appeal.

### Standard of Review

■■■ Appellate courts, when considering appeals from summary judgment, review the record in the light most favorable to the party against whom judgment was entered. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984). The party against whom judgment was entered is accorded the benefit of all reasonable inferences from the record. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). Because the propriety of summary judgment is an issue of law, the trial court's judgment is reviewed on the basis of the record submitted and the law, and appellate courts need not defer to the trial court's order granting summary judgment. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is granted only where no genuine issue of material fact exists, and judgment is proper as a matter of law. Rule 74.04(c)(3); *Rodgers v. Czamanske*, 862 S.W.2d 453, 457 (Mo.App.1993). A genuine issue of material fact exists where the record contains competent evidence that two plausible but contradictory accounts of essential facts exist. *ITT Commercial Finance Corp.*, 854 S.W.2d at

---

1. In addition to serving on active duty for training, usually for two weeks, members of the Missouri National Guard normally serve at duty assignments at least one weekend per month. This weekend duty is frequently referred to as "drill."

382. "The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *Id.* A defending party may establish a right to judgment by showing facts that negate the facts of *any one* of the claimant's elements; that the nonmovant has not and will not produce sufficient evidence to allow a trier of fact to find the existence of *any one* of the elements; or that there is no genuine dispute as to the existence of *each* of the facts necessary to support a properly-pleaded affirmative defense. *Id.* at 381.

I

Mr. Cash alleges, as point one on appeal, that summary judgment was improper because there was sufficient consideration to support the alleged oral contracts. "The essential elements of a contract are competent parties, proper subject matter, legal consideration, mutuality of agreement and mutuality of obligation." *Schlictig v. Reichel,* 770 S.W.2d 493, 494 (Mo.App.1989). "[V]aluable consideration may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, loss or responsibility, given, suffered or undertaken by the other." *Atherton v. Atherton,* 480 S.W.2d 513, 518 (Mo.App.1972). Either a detriment to the promisee or benefit to the promisor can constitute sufficient consideration to support a contract. *W.E. Koehler Constr. Co. v. Medical Center of Blue Springs,* 670 S.W.2d 558, 561 (Mo.App.1984). Detriment to a promisee may consist of doing anything he is not legally bound to do or by refraining from doing anything he has a right to do. *Moore v. Seabaugh,* 684 S.W.2d 492, 496 (Mo.App. 1984).

Neither Ms. Benward nor Mr. Sisk received anything of benefit from the gratuitous expressions indicating that Ms. Benward would help Mr. Cash send the application for insurance to the insurance company or that Mr. Sisk would "look into the matter." Neither of the expressions constituted a "promise for a promise" agreement. The "promises" were not the result of a "bargained for exchange." The "promises" in this case are the type of gratuitous expressions casually verbalized by countless people in daily social intercourse. Those who orally express an intention to assist someone or to investigate a matter for someone, do not reasonably believe they are binding themselves in an enforceable contract. An expression to gratuitously do something or to aid someone, which is unsupported by consideration or unaccompanied by some bargaining, is normally an unenforceable promise. *See Ponze v. Guirl,* 794 S.W.2d 699, 702 (Mo.App.1990).

Mr. Cash claims that in reliance upon the promises of Mr. Sisk and Ms. Benward, he did not submit the application directly to the insurance company,[2] and, therefore, he refrained from doing something he had a right to do. Mr. Cash claims that this forbearance was sufficient to constitute the requisite detriment suffered at the time the oral assurances were given to make a valid contract.[3] However, that one party to an alleged contract relies on a promise to his injury does not establish "consideration" in absence of the element of bargain or agreed exchange. 17 C.J.S. § 74 (1963) (citing *Baehr v. Penn–O–Tex Oil Corp.,* 258 Minn. 533, 104 N.W.2d 661, 665 (1960)). The record indicates that Mr. Cash's initial decision not to send the insurance application directly to the insurance company was a result of his not understanding "how to apply." Not comprehending an available option is not the same as consciously forebearing and is not a sufficient detriment for legal consideration.

Examination of the exchange between Mr. Cash and Mr. Sisk does not demonstrate arguable detriment suffered by Mr. Cash. Mr. Sisk told Mr. Cash he would "look into" what happened to the application. Mr. Sisk subsequently informed Mr. Cash that at the next drill he would help Mr. Cash fill out another application. Mr. Cash said, "Okay, I'll wait until next drill." At the next drill

---

**2.** The application directs the applicant to mail the application to the insurance company "in the Postage Paid Envelope With Your Check."

**3.** "The detriment to the promisee which suffices as a consideration for a contract must be a detriment on entering into the contract, not from the breach of it." 17 C.J.S. Contracts § 74 (1963).

(December), Mr. Sisk gave Mr. Cash a new application and told him that he should have sent the application directly to the insurance company. Mr. Cash did not suffer detriment from his communications with Mr. Sisk recognizable as legal consideration.

When promisor makes a promise that he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, and the promise induces such action or forbearance, promisor's promise is binding only if enforcement of the promise will avoid injustice. This is the doctrine of promissory estoppel. *See Miles Homes Div. of Insilco Corp. v. First State Bank of Joplin*, 782 S.W.2d 798, 801 (Mo.App.1990); Restatement (Second) of Contracts § 90. A reasonable person would not expect the vague indications of intent expressed by Ms. Benward or Mr. Sisk to Mr. Cash to induce action or forbearance of a definite and substantial character. Mr. Cash's action or lack of action did not constitute forbearance. Therefore, promissory estoppel does not apply to this situation. No legal consideration supported the naked promises and, therefore, no legally enforceable contract existed, either between Ms. Benward and Mr. Cash or between Mr. Sisk and Mr. Cash. No genuine issue of material fact existed, and Mr. Sisk and Ms. Benward were entitled to judgment as a matter of law as to Mr. Cash's claim for breach of contract. Point one is denied.

## II

Mr. Cash asserts, as his second point on appeal, that the trial court erred in disposing of the alternative negligence claim in its order granting summary judgment. Mr. Cash contends that the negligence claim could survive without the contract claim. Mr. Cash claims that a person who undertakes to act in another's behalf, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all. *See Vandeventer v. Shields*, 241 S.W.2d 53, 58 (Mo.App.1951).

The undertaking, to constitute a legal basis for a claim of negligence, must be more than a promise or failure to perform a contract. "In order to determine the character of the action, whether *ex contractu* or *ex delicto*, it is necessary to ascertain the source of the duty claimed to have been violated." *American Mortg. Invest. Co. v. Hardin–Stockton Corp.*, 671 S.W.2d 283, 293 (Mo.App.1984). "More simply stated, if the duty claimed is one arising solely from or imposed only by the contract, then the action lies in contract." *Id.* Although the alleged "promises" in the present case did not constitute an enforceable contract, the exchanges involved sounded in contract not tort.

The exchanges involved were not an "undertaking" that might impose a duty for potential tort liability.

> One who undertakes gratuitously ... to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for *physical harm* resulting from his failure to exercise reasonable care to perform his undertaking, if a) his failure to exercise such care increases risk of such harm, or b) harm is suffered because of the other's reliance upon the undertaking.

*Strickland v. Taco Bell Corp.*, 849 S.W.2d 127, 132 (Mo.App.1993) (quoting Restatement (Second) of Torts § 323) (emphasis added). The alleged "undertaking" of Ms. Benward and Mr. Sisk could not and did not result in physical harm to Mr. Cash or to his property. The naked promises involved in this case did not impose a duty upon Ms. Benward or Mr. Sisk. All the elements of negligence were not present in this situation. The only colorable action was in contract not tort. Mr. Cash's point two is denied.

The trial court's order of summary judgment to Ms. Benward and Mr. Sisk is affirmed.

All concur.