**Darriel D. COLEMAN, Appellant,**

v.

**William T. WINNING and Winning Equipment Company, Respondents.**

No. 72085.

Missouri Court of Appeals, Eastern District, Division Two.

March 31, 1998.

---

Philip C. Graham, St. Louis, for appellant.

Thomas O. McCarthy, Geoffrey M. Gilbert, St. Louis, for respondents.

RHODES RUSSELL, Judge.

Darriel D. Coleman ("employee") appeals from the trial court's order granting his former employer's motion for summary judgment. Employee's suit alleged he was fired for exercising his rights under the Workers' Compensation Act, section 287.780, RSMo 1994.[1] Employee argues that the trial court erred in granting employer's summary judg-

---

1. All statutory references are to Revised Statutes of Missouri 1994 unless otherwise indicated.

ment motion in that he established a prima facie case of retaliatory discharge, and he was entitled to a jury determination as to whether employer's reasons were pretextual. We reverse and remand.[2]

In June 1990, employee was hired by Winning Equipment Company ("employer") as a mechanic and truck driver. On July 19, 1990, employee was working on a gear box when a piece of metal broke off and hit him in the corner of his nose by his eye. Employee was examined by a doctor who concluded he had a piece of metal in his left eye and that it had to be removed. On February 27, 1991, employee's doctor surgically removed the piece of metal from employee's eye.

Employer filed a report of injury on March 5, 1991, with the Division of Workers' Compensation. Three days later, employee's doctor addressed a letter to William Winning ("employer's president") stating that the injury to employee's eye was work related and would qualify for workers' compensation coverage. On March 22, 1991, employee began receiving compensation payments for his injury.

Three weeks later, employee received a letter from employer's president terminating his employment. The letter provided in pertinent part:

> Effective April 15, 1991, I have terminated your employment with our company.
>
> I am sympathetic to your physical condition and have anticipated that you stay in touch with us during your recuperation. Since we have had no contact with you and therefore do not know what your condition is, and since we have continued your medical insurance without your participation we feel this must stop.
>
> Your medical insurance (John Hancock) and life insurance will continue in force through April 30, 1991.

Ten months later, on February 19, 1992, employee filed a claim for compensation with the Division of Workers' Compensation. Thereafter, employee filed his petition in the Circuit Court of Jefferson County alleging that employer and its president violated sec-

tion 287.780 by firing him in retaliation for exercising his rights under the Workers' Compensation Laws.

In response to employee's first set of interrogatories, the employer's president claimed that employee was terminated because he failed to maintain contact with him. In his depositional testimony, the employer's president testified that employee was terminated because "[w]e were in severe financial straits, and I could no longer afford to pay his health insurance premium." The employer's president testified that after he sent the termination letter to employee, he met with two of his other employees to discuss the reasons for employee's termination. During that meeting, the employer's president told the two other employees that employee had a job waiting for him as soon as he was released by his doctor to return to work.

In response to employer's second set of interrogatories, employee stated that he was fired due to his filing of a workers' compensation claim. Employee further stated that the employer's president told his supervisor to fire him because the president did not want to pay employee's health insurance benefits while he was off work.

Employee testified at deposition that he did not have any conversations with the employer's president after receiving his letter of termination. He also testified that the only reasons the president gave him for his termination were set out in the letter. After his termination, employee stated that he discussed his termination with some of his former co-workers. He stated that one of the employees told him that he was fired because employer did not want to pay his medical insurance. Employee acknowledged that he could return to work for employer after he was released by his doctor. He stated that he did not contact employer about returning to work after he was released by his doctor because he did not care to work for employer.

Employer moved for summary judgment stating that it was entitled to a judgment as a matter of law in that the evidence irrefut-

---

**2.** Employer's motion to strike portions of employee's brief is granted.

ably established that the exercise of employee's rights under the Workers' Compensation Laws was not the exclusive reason for his discharge. Employer maintained that employee's pleading, his answers to the second set of interrogatories, his deposition testimony, and the employer's president's deposition testimony established that employee was discharged because employer could not afford to pay employee's health insurance premium. Employer asserted that employee admitted he was discharged because employer could not afford to pay his health insurance premium while he was off work. As such, employer argued that employee could not maintain a cause of action under section 287.780 because his exercise of his rights under the Workers' Compensation Laws was not the exclusive reason for his discharge.[3]

In response to employer's motion for summary judgment, employee argued that there was a genuine issue of material fact of whether he was terminated in retaliation for exercising his rights under the Workers' Compensation Laws. Employee admitted that he testified at his deposition that he assumed employer was struggling financially, and that the only reason that he had been given for his discharge was that employer could not afford to pay his health insurance premium while he was off work. Employee, however, denied the implication that the reason given by the employer's president was the true reason for his discharge.

The trial court granted employer's motion for summary judgment, finding that employee could not show an exclusive causal relationship between the exercise of his workers' compensation rights and the employer's decision to terminate him. The trial court found that employee could not establish an exclusive causal relationship because he had admitted that one of the reasons for his termination was the fact employer did not want to continue to pay his health insurance benefits while he was off work. This appeal follows.

In his sole point, employee contends the trial court erred in sustaining employer's motion for summary judgment in that he established a prima facie case of retaliatory discharge under section 287.780, and that the reasons given by employer for his discharge present a jury question whether those reasons were pretextual. Specifically, employee argues that he is entitled to present and argue his case to a jury that the inconsistent reasons given by employer were pretextual and were created to conceal the truth that he was fired for exercising his rights under the Workers' Compensation Laws, and not because of the reasons offered by employer.

In response, employer argues that the trial court did not err in sustaining its motion for summary judgment in that employee could not establish an exclusive causal relationship between the exercise of his rights under the Workers' Compensation Laws and employer's decision to terminate him. Employer contends that employee could not establish an exclusive causal relationship because employee has admitted the reason he was terminated was because employer did not want to pay his health insurance premium.

In considering an appeal from the entry of a summary judgment, an appellate court reviews the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* The review is essentially *de novo* with the appellate court employing the same tests as should be employed by the trial court in deciding whether to grant the motion. *Id.* The propriety of a summary judgment is purely an issue of law.

**3.** In addition, employer's president moved for summary judgment in his own behalf. The trial court granted the president's individual motion for summary judgment, finding that he was entitled to a judgment as a matter of law in that he could not be sued in his individual capacity since he was not employee's employer. A motion to dismiss employer's president as a party in this appeal has been filed herein alleging, *inter alia*, that employee had abandoned this issue on appeal because his brief did not contain a point relied on with respect to this issue. *See, Dycus v. Dycus*, 806 S.W.2d 750, 752 (Mo.App.1991)(any issue presented and decided by the trial court, other than those identified by appellant's point relied on, will not be reviewed, as they are abandoned when not posed in appellant's brief on appeal). On December 10, 1997, this court granted the president's motion.

*Id.* "Summary judgment is granted only where no genuine issue of material fact exists, and judgment is proper as a matter of law." *Cash v. Benward*, 873 S.W.2d 913, 915 (Mo.App.1994) (citing Rule 74.04(c)(3), Missouri Rules of Civil Procedure (1994)). A genuine factual dispute exists when the record contains competent evidence of two plausible, but contradictory accounts of the essential facts. *ITT*, 854 S.W.2d at 382. The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question. *Cash*, 873 S.W.2d at 916.

■ To prevail in an action for retaliatory discharge under section 287.780, the plaintiff must establish four elements: (1) plaintiff's status as an employee of the defendant before injury; (2) plaintiff's exercise of a right granted by the Workers' Compensation Law; (3) employer's discharge of or discrimination against the plaintiff; and, (4) an exclusive causal relationship between plaintiff's actions and defendant's actions. *Wolfe v. Central Mine Equipment Co.*, 895 S.W.2d 83, 87 (Mo.App.1995) (citing *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 275 (Mo. banc 1984)). The burden of proof of a prima facie case of retaliatory discharge under section 287.780 is on the employee. *Hopkins v. Tip Top Plumbing and Heating Co.*, 805 S.W.2d 280, 283 (Mo.App.1991).

■ The exclusive cause for the employee's termination must be the exercise of a right under the Workers' Compensation Law. *Wiedower v. ACF Industries, Inc.*, 715 S.W.2d 303, 306 (Mo.App.1986). Proof that an employee was terminated solely in consequence of his exercise of his rights under the Workers' Compensation Laws is necessarily indirect because the employer is not likely to admit that retaliation was his motive. *Id; Reed v. Sale Memorial Hosp. And Clinic*, 698 S.W.2d 931, 935 (Mo.App.1985). Causality, however, does not exist if the basis for the discharge is valid and nonpretextual. *Wolfe*, 895 S.W.2d at 87. Once the plaintiff has produced sufficient evidence to show that the four elements of retaliatory discharge have been met, the burden shifts to the employer to rebut the plaintiff's evidence by showing that there was a legitimate reason for the discharge. *Wiedower*, 715 S.W.2d at 307.

■ Employee argues that he has produced sufficient circumstantial evidence to meet the "exclusive causation" element. Employee contends that the timing of his firing, coupled with the inconsistent reasons given by employer's president for his discharge, demonstrate that he was discharged for exercising his rights under the Workers' Compensation Laws.

■ First, employee presented evidence that he was fired after he underwent surgery for his eye injury, after his doctor determined his injury was work-related, and after his doctor sent employer's president a letter stating the doctor's opinion that employee's injury would qualify for workers' compensation coverage. Although timing alone cannot conclusively establish that an employee was discharged for exercising his rights under the Workers' Compensation Laws, proximity in time between the exercise of the right and the time of the firing is a factor to be considered. *Reed*, 698 S.W.2d at 935.

Second, employee presented evidence that employer's president offered two different reasons for his discharge. In his answers to employee's interrogatories, employer's president stated that employee was discharged because he failed to maintain contact with employer's president. At his deposition, employer's president testified that he fired employee because employer was in severe financial straits and could no longer afford to pay employee's health insurance premium.

Employee's proof of the "exclusive causation" element relies heavily upon circumstantial evidence. However, simply because an essential element is proven by circumstantial evidence does not mean it is subject to speculation. *Olinger v. General Heating & Cooling Co.*, 896 S.W.2d 43, 46 (Mo.App.1994). Employer's proffered reasons for terminating employee, on their face, are nondiscriminatory. However, given the circumstances surrounding employee's discharge a jury, if given the chance, could reasonably infer from this circumstantial evidence that the reasons given were pretextual and that employee was discharged for exercising his rights under

the Workers' Compensation Laws. "[W]here the facts are in dispute as to whether the discharge was or was not wrongful, the question is always one for the jury under proper instructions." *Wiedower*, 715 S.W.2d at 307 (quoting *Craig v. Thompson*, 244 S.W.2d 37, 41 (Mo. banc 1951)).

■ Employer argues that, despite the circumstantial evidence presented by employee, the trial court did not err in granting its motion for summary judgment because employee admitted that the reason he was terminated was because employer did not want to pay his health insurance premium. We agree that if employee had admitted this as one of the reasons he was discharged, employer would be entitled to summary judgment as employee's exercise of a right under the Workers' Compensation Laws would not be the exclusive cause for his termination. A movant, who is a defending party, may establish that he or she is entitled to a judgment as a matter of law by showing facts which negate an essential element of plaintiff's prima facie case. *Murray v. Crank*, 945 S.W.2d 28 (Mo.App.1997).

Employer contends that employee's petition, employee's answers to employer's second set of interrogatories, and employee's depositional testimony irrefutably established that employee admitted that the reason he was discharged was because employer did not want to pay his health insurance premium. In his petition, employee stated that:

> Defendant William Winning, Jr. the president of Defendant corporation, stated to several other workers at Defendant corporation's place of business, that Plaintiff was terminated because he, William Winning, Jr. did not want to pay insurance for Plaintiff but that Plaintiff could return to work as soon as his eye was healed.

In employer's second set of interrogatories, employee was asked to support his allegation that employer terminated him for exercising his rights under the Workers' Compensation Laws. Employee responded in the following manner:

> See allegations in the petition. Plaintiff was fi[r]ed due to his filing of a worker's compensation claim. Defendant Winning told Terry Frigerio to fire Plaintiff. Terry

did not want to but Winning said Plaintiff had to be fired because Winning did not want to pay Coleman's health insurance premiums while he was off work.

In his depositional testimony, employee stated that a former co-worker told him that the employer's president told him that he was fired because the president did not want to pay his medical insurance.

Although employee acknowledged in his petition, answers to interrogatories, and depositional testimony that he was told he was terminated because employer's president did not want to pay his health insurance premium, nowhere did employee admit that the employer's proffered reason was the true reason for his termination. In other words, employee merely relayed the fact that he had been told that he was discharged because employer could not afford to pay his health insurance. In his response to employer's motion for summary judgment, employee admitted that the only reason that he had ever been given for his discharge was that employer could not afford to pay his health insurance premium while he was off work. However, employee specifically denied that this reason was the true reason for his discharge.

If the materials submitted by the movant are inconsistent on the material facts, the movant is not entitled to a judgment as a matter of law. *ITT*, 854 S.W.2d at 382. Here, the materials submitted by employer do not show that employee admitted that he was terminated because his employer did not want to pay his health insurance premium. Instead, the record employer submitted for summary judgment showed that employee was told by his employer that he was discharged because it did not want to pay his health insurance premium. A genuine issue of material fact remains whether employee was terminated for exercising his rights under the Workers' Compensation Laws or whether he was terminated because employer did not want to pay his health insurance premium while he was off work. This issue should be addressed by a jury.

The trial court's granting of summary judgment in favor of employer is reversed and remanded.

CRANE, P.J., and JAMES R. DOWD, J., concur.